UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HASAN MALIK DAVIS, | Case No. 3:22-cv-00350-ART-CSD |
| Plaintiff, | ORDER DISMISSING AND CLOSING CASE |
| v. | |
| WASHOE COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

*Pro se* Plaintiff Hasan Davis brings this civil-rights action under 42 U.S.C. § 1983 to redress First Amendment violations that he claims to have suffered while he was housed at Washoe County Detention Facility ("WCDF"). (ECF No. 1-1). On September 13, 2022, the Court screened Davis's Complaint, dismissing his claim with leave to amend by October 13, 2022. (ECF No. 8). The Court warned Davis this action could be dismissed if he failed to timely file an amended complaint. (*Id.* at 9). That deadline expired but Davis did not file an amended complaint, move for an extension, or otherwise respond to the Court's screening order.

However, Davis updated his address with the Court shortly after the screening order, and it appeared that Davis was no longer incarcerated. So the Court considered alternatives to dismissal and entered a second order on October 18, 2022, extending the deadline for Davis to file an amended complaint to November 18, 2022. (ECF No. 10). The Court also denied Davis's application to proceed *in forma pauperis* for an inmate, and gave him until November 18, 2022, to either pay the full $402 filing fee for a civil action or file a new fully complete IFP application for a non-inmate. (*Id.*)

1

1    Before the second deadline expired, Davis filed notices that he had been
2    arrested on October 21, 2022, and updated his address with the Court to WCDF.
3    (ECF Nos. 11, 12). It appeared that Davis could have missed delivery of the
4    Court's October 18, 2022, order, so the Court again considered alternatives to
5    dismissal and entered a third order on December 13, 2022, setting a final
6    deadline for Davis to file an amended complaint and either pay the filing fee or
7    file a new fully complete IFP application for an inmate. (ECF No. 14). The Court
8    noted in its order that, according to the WCDF inmate database, Davis was still
9    incarcerated at that facility. (*Id.* at 1).

10   The third deadline expired on January 13, 2023, but Davis has not filed an
11   amended complaint and either paid the filing fee or filed a new IFP application.
12   Rather, over a month after the Court entered its order extending the deadline a
13   third time, Davis filed notice that his address had changed, and he was no longer
14   incarcerated. (ECF No. 15). Davis also filed two motions asking the Court to send
15   him free copies of all documents in this action. (ECF Nos. 16, 18). And Davis filed
16   a notice that his address had changed again. (ECF No. 17).

17   **I.    DISCUSSION**

18   District courts have the inherent power to control their dockets and "[i]n
19   the exercise of that power, they may impose sanctions including, where
20   appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los*
21   *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based
22   on a party's failure to obey a court order or comply with local rules. *See Carey v.*
23   *King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to
24   comply with local rule requiring *pro se* plaintiffs to keep court apprised of
25   address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)
26   (dismissal for failure to comply with court order). In determining whether to
27   dismiss an action on one of these grounds, the Court must consider: (1) the
28   public's interest in expeditious resolution of litigation; (2) the Court's need to

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Davis's claims. Although the Court is sympathetic to the several changes Davis had with his incarceration status and housing, this action has been delayed for four months waiting for Davis to file an amended complaint. The Court finds that further delay of this action would be unreasonable. Thus the third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until Davis files an amended complaint and either pays the filing fee or properly applies for IFP status, the only alternative is to enter a fourth order setting a fourth deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources.

1   The circumstances here do not indicate that this case will be an exception. Davis recently updated his address with the Court and asks for free copies of the documents filed in this action, but there is no evidence that Davis did not receive the Court's December 13, 2022, order setting the third deadline. Moreover, Davis has not shown the good cause and excusable neglect necessary for the Court to reopen and extend the deadline. Setting a fourth deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff Hasan Davis's failure to file an amended complaint and either pay the filing fee or file a new application to proceed *in forma pauperis* in compliance with this Court's orders dated September 13, 2022, October 18, 2022, and December 13, 2022, and for failure to state a claim. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Davis wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that Davis's motions for various relief (ECF Nos. 13, 16, 18) are denied as moot.

DATED THIS 22nd day of February 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE